UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **JOHN WEST and JAMES FLEENER**, individually and on behalf of all others similarly situated, <br><br> vs. <br><br> **BULLROCK, LLC.** | DOCKET NO. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiffs John West and James Fleener bring this lawsuit to recover unpaid overtime wages and other damages from Bullrock, LLC. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Bullrock employs workers, like West and Fleener, to carry out its work.

3. West and Fleener, and the other workers like them, were typically scheduled for 12-hour shifts, 7 days a week, for weeks at a time.

4. But Bullrock does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Bullrock pays them a salary without overtime.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. West and Fleener performed work for Bullrock in this District and Division in Keene, North Dakota.

10. Bullrock conducts substantial business operations in this District and Division, including maintaining a corporate office in in this District and Division.

**PARTIES**

11. From July 2018 through April 2019, West worked for Bullrock as a mix technician at a Bullrock saltwater treatment and disposal facility. Throughout his employment with Bullrock, he was paid a salary with no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

12. From July 2018 through April 2019, Fleener worked for Bullrock as a dirty water processor. Throughout his employment with Bullrock, he was paid a salary with no overtime compensation. His consent to be a party plaintiff is attached as Exhibit B.

13. Bullrock paid each of these workers a salary and failed to pay them overtime for hours worked in excess of 40 hours in a workweek. When West, Fleener, and the Putative Class Members worked beyond their scheduled 21 days, they were compensated on a day-rate basis that still failed to account for overtime for hours worked over 40.

14. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of Bullrock, LLC. during the past 3 years who were employed as mix technicians and water processors paid a salary with no overtime.** (the "Putative Class Members").

15. West and Fleener seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

16. Defendant Bullrock, LLC may be served through its registered agent: **Timothy Redpath, 125 Main Street, Suite 405, Williston, North Dakota.**

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Bullrock has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Bullrock has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Bullrock has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

20. West, Fleener, and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

21. As will be shown through this litigation, Bullrock treated West, Fleener, and the Putative Class Members as exempt employees and dictated the pay practices to West, Fleener, and the Putative Class Members.

## FACTS

22. Bullrock is an oil and gas associated services provider operating across the United States, including North Dakota. As part of the services it offers, Bullrock operates the wastewater treatment and disposal facility where Fleener and West worked for Bullrock.

23. Throughout the relevant time period, Bullrock paid West, Fleener, and the Putative Class Members a salary with no overtime compensation unless they worked beyond their scheduled 21 days. When West, Fleener, and the Putative Class Members worked more than their scheduled 21 days, they were compensated on a day-rate basis that still failed to account for overtime for hours worked over 40.

24. For example, West worked for Bullrock as a mix technician at a Bullrock saltwater treatment and disposal facility. As a mix technician, West was responsible for mixing different fluids based on predetermined ratios to ensure that the fluids were the proper weight for the wastewater treatment and disposal machines.

25. No advanced degree is required to become a Bullrock mix technician. In fact, Bullrock regularly hires mix technicians who only have a high-school diploma (or less).

26. To the extent mix technicians make "decisions," the decisions do not require the exercise of independent discretion and judgment.

27. Instead, Bullrock mix technicians apply well-established techniques and procedures.

28. Mix technicians are not permitted to deviate from established quality standards.

29. Fleener worked for Bullrock as a dirty water processor where he sent the water used in oil and gas drilling and production through the processing machines at Bullrock's treatment and disposal facility.

30. No advanced degree is required to become a Bullrock water processor. In fact, Bullrock regularly hires water processors who only have a high-school diploma (or less).

31. To the extent water processors make "decisions," the decisions do not require the exercise of independent discretion and judgment.

32. Instead, Bullrock dirty water processors apply well-established techniques and procedures.

33. Dirty water processors are not permitted to deviate from established quality standards.

34. These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field or facility.

35. With these job duties, these employees are clearly **non-exempt** under the FLSA.

36. Bullrock paid West, Fleener and the Putative Class Members a bi-weekly salary, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

37. West and Fleener were paid on a salary basis throughout their employment with Bullrock except when West, Fleener, and the Putative Class Members worked beyond their scheduled 21 days, they were compensated on a day-rate basis that still failed to account for overtime for hours worked over 40.

38. Bullrock typically scheduled West and Fleener to work 12-hour shifts, for 21 days in a row.

39. Thus, West, Fleener, and the Putative Class Members regularly worked at least 84 hours in a workweek, well over the 40-hour overtime threshold.

40. When West, Fleener, and the Putative Class Members worked beyond their scheduled 21 days, they were compensated on a day-rate basis that still failed to account for overtime for hours worked over 40.

41. During each year of their employment, West and Fleener regularly worked well in excess of 40 hours in a workweek.

42. Bullrock misclassified West, Fleener, and the Putative Class Members as exempt from the overtime compensation requirements of the FLSA.

43. But West, Fleener, and the Putative Class Members were not employed in any bona fide executive, administrative, or professional capacity.

44. Bullrock did not pay West, Fleener, or the Putative Class Members one and one-half times their regular rates of pay for all hours worked, when they worked in excess of 40 hours in a work week.

45. West, Fleener, and the Putative Class Members did not have the authority to hire, fire, and/or discipline any of Bullrock's employees.

46. West, Fleener, and the Puttive Class Members' primarily job duties did not require them to exercise discretion or independent judgment with respect to matters of significance.

47. Indeed, West, Fleener, and the Putative Class Members' job duties were manual labor, formulaic and not highly specialized.

48. Bullrock knew West, Fleener, and the Putative Class Members worked significant overtime without being compensated for the same.

49. Upon information and belief, Bullrock deprived West, Fleener, and the Putative Class Members of the overtime pay they were entitled to under the FLSA to save on labor costs and make higher profits.

50. At all relevant times, West, Fleener, and the Putative Class Members were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

**FLSA VIOLATIONS**

51. West and Fleener incorporate the preceding paragraphs by reference.

52. As set forth herein, Bullrock violated the FLSA by failing to pay West, Fleener, and the Putative Class Members overtime at 1 and ½ times their regular rate of pay for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

53. At all relevant times, Bullrock has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Bullrock employed West and Fleener and each member of the Class.

55. Bullrock's pay policy denied West, Fleener, and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

56. Bullrock owes West, Fleener, and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

57. Bullrock knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to West and Fleener and the Class is willful.

58. Due to Bullrock's FLSA violations, West, Fleener, and the Putative Class Members are entitled to recover from Bullrock for their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

59. The improper pay practices at issue were part of a continuing course of conduct, entitling West and Fleener and Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

60. West and Fleener demand a trial by jury.

## RELIEF SOUGHT

61. WHEREFORE, West and Fleener pray for judgment against Defendant as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing West and Fleener and their counsel to represent the interests of the FLSA Class;

c.  For an Order finding Defendant liable to West and Fleener and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.  For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
William R. Liles
Texas Bar No. 24083395
wliles@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**